UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-20371-CIV-KING

JOYCE I. VOSCHIN,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS
OF MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment (DE #8), filed February 2, 2012, seeking summary judgment on Plaintiff's claims of employment discrimination and breach of contract. The Court is fully briefed in the matter,[1] and proceeds with the benefit of oral argument.[2] Upon careful consideration of the uncontested facts in the record and the arguments set forth in the Parties' briefs and at oral argument, the Court finds that it must grant Defendant's motion.

### I. Background

This is an employment discrimination and breach of contract case in which Plaintiff

---

[1] Plaintiff Voschin filed a Response (DE #13) on March 6, 2012, and Defendant County filed a Reply (DE #14) on March 9, 2012.

[2] The Court received oral argument from both Parties on the motion at the April 5, 2012 Pretrial Conference. (DE #17).

Joyce Voschin ("Voschin") alleges that her former employer, Defendant Miami-Dade County ("County"), terminated her position as a Police Planner 2 with the Miami-Dade Police Department and denied promotion to one of two newly-created Administrative Officer 3 positions because of her age and disability in violation of the Age Discrimination in Employment Act, the Rehabilitation Act, and in breach of a prior EEOC settlement between the Parties. Defendant County denies the allegations, and contends that the Plaintiff was laid off as part of a reduction in force and denied a promotion because others were more qualified. Unless otherwise noted, the following facts are uncontested per the Parties' Joint Pretrial Stipulation. (DE #15).

Plaintiff Voschin is a 58-year-old, disabled, former Miami-Dade County employee who worked as a Police Planner 2 in the County's police department. Defendant County is a political subdivision of the State of Florida. The Miami-Dade Police Department ("the Department") provides police services to the unincorporated areas of Miami-Dade County, as well as specialized police services throughout the County.

On March 30, 1981, the Department hired Plaintiff Voschin to serve in the civilian position of Police Planner 1. In May 1989, the Department promoted Plaintiff Voschin to the position of Police Planner 2. As a Police Planner 2, Plaintiff Voschin was covered by the collective bargaining agreement between the County and the Government Supervisors Association.

In 2004, the Department agreed to let Plaintiff Voschin work from home because of

her disability and in settlement of an EEOC grievance. The settlement agreement provides: "Other than working from her residence, Ms. Voschin shall be treated like any other MDPD employee assigned to the [Budget, Planning and Resources] Bureau." (DE #1-2, at 5–7). She has not worked in the Department's facilities since then.

On September 10, 2010, the Department announced two openings for the position of Administrative Officer 3 in the Assistant Director's Office and the Financial Office. Applications were due by September 15, 2010. The duties of the Administrative Officer 3 position generally include supervision of cost analysis and control, revenue management, budget preparation, expenditure controls, procurement and inventory controls, personnel administration, and information system analysis. An Administrative Officer 3 position in the Assistant Director's office included additional specific duties, such as serving as the Assistant Director's executive assistant and to oversee the Department's business plan and performance measures program. The position required knowledge of the Department's Active Strategies Enterprise System. An Administrative Officer 3 position in the Financial Office included additional specific duties, such as monitoring implementation of the personnel side of the budget, especially attrition. The position required knowledge of personnel rules, the Department's Resources for Results On-Line software system, Long-Term Vacancy Report, People Soft and Automated Budget Development System.

Plaintiff Voschin, along with 100 other candidates, applied for the two open Administrative Officer 3 positions. Eight candidates, including Plaintiff Voschin, were

selected for interview by the Administrative Officer 3 interview panel. The panel scored the candidates based on their answers to interview questions. The two highest scoring candidates were Marta Fox and Melinda Knox. They were offered and accepted the positions.

In Fiscal Year 2010–2011, due to financial strain, the Department eliminated a variety of positions, from secretary to police officer. On October 14, 2010, the Department notified Plaintiff Voschin that she would be terminated effective November 3, 2010. On November 1, 2010, prior to her effective termination date, Plaintiff Voschin retired from County employment. Plaintiff Voschin testified that she retired prior to the effective termination date in order to preserve her retirement benefits.

Since then, Plaintiff Voschin has not applied for any County position, and only one non-county position, since her retirement. Plaintiff Voschin is presently receiving Florida Retirement System benefits and Social Security disability benefits.

On February 2, 2011, Plaintiff Voschin filed the instant action against Defendant County, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA")[3] (Count I), breach of settlement agreement (Count II),[4] and handicap

---

[3] The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

[4] Upon review of Plaintiff Voschin's Response to Defendant's Motion for Summary Judgment (DE #13) and the Joint Pretrial Stipulation (DE #15), the Court finds that Plaintiff Voschin has abandoned the breach of contract claim (Count II). Accordingly, the Court will not address that claim in the Order.

discrimination in violation of the Americans with Disabilities Act ("ADA").[5] (Compl., DE #1). Before the Court now is Defendant County's Motion for Summary Judgment on all counts. (DE #8).

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence

---

[5] The ADA "prohibits discrimination against a qualified individual with a disability based on that disability when the discrimination involves the hiring, advancement, termination or conditions of employment of that qualified individual." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998); 42 U.S.C. § 12112(a).

of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

In the above-styled action, Plaintiff Voschin alleges that she was denied promotion and terminated because of her age and disability in violation of the ADEA (Count I) and the ADA (Count III). Defendant County has moved for summary judgment on the ADEA and the ADA claims. For the following reasons, the Court finds that it must grant summary judgment on all counts in Defendant's favor.

Plaintiff Voschin's theory of the case is that Defendant County eliminated her Police Planner 2 position, and then declined to promote her to one of two new Administrative Office 3 positions created to take over the duties she performed in her current position. Plaintiff Voschin argues that the Court should view the denial of promotion and termination as a

single employment decision in the context of a Reduction in Force ("RIF"). In contrast, Defendant County takes the position that the denial of promotion and subsequent termination[6] are two distinct employment decisions, each subject to individualized analysis. The Court has considered the timeline relevant to the denial of promotion and termination, and finds that it should analyze both the denial of promotion and termination in the context of an RIF.

To succeed with an employment discrimination claim, the burden is on the plaintiff to prove that the defendant employer made an employment decision because of the plaintiff's age or disability. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351–52 (2009); *see also Horn v. United Parcel Serv., Inc.*, 433 Fed. App'x 788, 793 (11th Cir. 2011) ("The Supreme Court has recently clarified that a plaintiff must prove that age was the 'but-for' cause for the adverse employment action in order to prevail on a disparate-treatment claim under the ADEA."). To advance past the summary judgment stage, the plaintiff must offer either direct evidence of discrimination or establish a *prima facie* case of age or disability discrimination with circumstantial evidence. *See Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1388 (11th Cir. 1983); *see also Gross*, 129 S. Ct. at 2351 n.4. Here, it is uncontested that Plaintiff Voschin has not offered any direct evidence of discrimination.

---

[6] In addition, Defendant County argues that Plaintiff Voschin cannot maintain her discriminatory termination claims because she resigned prior to her effective termination date. For the sake of argument, the Court will proceed with its analysis under the presumption that Plaintiff Voschin was terminated, because Defendant County had notified Plaintiff Voschin of the elimination of her position and gave notice of her effective termination date prior to the resignation decision.

7

A plaintiff who offers circumstantial evidence must establish a *prima facie* case of age or disability discrimination before the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the denied promotion. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). If the defendant articulates a nondiscriminatory reason for its action, the presumption of discrimination created by the *prima facie* case is eliminated, and the plaintiff must then produce evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Chapman*, 229 F.3d at 1024. "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment." *Id.* Significantly, "[a] plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer." *Id.* at 1030. "A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" *Brooks v. Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (emphasis in original) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)).

### A. *Plaintiff Voschin Has Made Out a* Prima Facie *Case of Employment Discrimination in the Context of an RIF*

To make out a *prima facie* case of discrimination when the termination is the result of an RIF, a plaintiff must show: (1) "that [s]he was in a protected . . . group and was discharged;" (2) "that [s]he was qualified for another position at the time of discharge;" and

8

(3) "circumstantial or direct evidence by which a factfinder might reasonably conclude that the employer intended to discriminate . . . in reaching the decision not to place [her] in that other position." *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 567–68 (11th Cir. 1992). "[W]here a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected age group, an inference of intentional discrimination is permissible." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1532 (11th Cir. 1996). "[T]he employer then may rebut this inference by providing legitimate, non-discriminatory reasons for its decision which the plaintiff, in order to avoid summary judgment, must show to be pretextual." *Id.* at 1533.

Here, the Court finds that Plaintiff Voschin has made out a *prima facie* case of discrimination in the context of an RIF. It is uncontested that Plaintiff Voschin, a 58-year-old, disabled female is a member of the groups protected by the ADA and the AEDA so as to satisfy the first element. In addition, Plaintiff Voschin was qualified for the open Administrative Officer 3 positions, as evidenced by Defendant County's selection of her for an interview out of the 100 applicants and her interview evaluations. Finally, those candidates who were promoted were outside the protected groups to create the rebuttable inference of intentional discrimination.

### B. *Plaintiff Voschin Has Failed to Produce Evidence of Pretext to Rebut Defendant County's Legitimate, Nondiscriminatory Reasons*

In rebuttal, Defendant County argues that although Plaintiff Voschin may have been

qualified for the open Administrative Officer 3 positions, it has offered a legitimate, non-discriminatory reason for denial of Plaintiff Voschin's promotion application to eliminate any presumption of discrimination. Specifically, Defendant County argues that it conducted structured interviews, in which all candidates were asked the same questions, and that the interview panel determined that the two promoted candidates were *more* qualified than Plaintiff Voschin based on their experience with certain computer programs necessary for the positions. In response, Plaintiff Voschin argues as evidence of pretext that the interview process was not uniform amongst the candidates. (DE #13, at 2).

Upon review of the record, the Court finds that the only evidence Plaintiff Voschin offers in support of pretext is her own declaration that she does not recall being asked certain of the structured interview questions. (DE #13, at 2). As evidence of the structured interview system, Defendant County has produced the written interview evaluations from the panel that show that the same questions were asked, answered, and rated for Plaintiff Voschin and the two promoted employees. (DE 10-4, at 14–33). In addition, the evaluations reveal that the two promoted candidates received higher structured interview scores than Plaintiff Voschin. (DE 10-4, at 14–33). The Court finds that Plaintiff Voschin's statement that she does not recall being asked certain questions qualifies as a mere "scintilla of evidence" that is insufficient to create a genuine issue of fact with regard to the existence of a structured interview process as evidenced by the interview evaluations in the record. Upon review of the evidence in the record, the Court finds that Plaintiff Voschin has failed to produce

sufficient evidence of pretext or discriminatory motive on behalf of Defendant County in denying Plaintiff Voschin's promotion.

## IV. Conclusion

The Court finds that Plaintiff Voschin's failure to produce, after one year of discovery, any evidence suggestive of discriminatory intent or pretext for the RIF is fatal to Plaintiff Voschin's claims of discrimination at the summary judgment stage.

Accordingly, upon careful review of the record and being otherwise fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment (**DE #8**) be, and the same is hereby, **GRANTED**.

It is further **ORDERED, ADJUDGED, and DECREED** as follows:

1. The trial scheduled for the two-week trial calendar commencing May 21, 2012 is hereby **CANCELLED**.
2. The Clerk shall **CLOSE** this case.
3. All pending motions are hereby **DENIED as moot**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 16th day of May, 2012.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*

**G Ware Cornell , Jr.**
Cornell & Associates
2645 Executive Park Dr.
Weston, FL 33331
954-618-1041
Fax: 954-944-1969
Email: ware@warecornell.com

*Counsel for Defendant*

**Lee Alan Kraftchick**
Dade County Attorney's Office
Metro Dade Center
111 NW 1st Street
Suite 2810
Miami, FL 33128-1993
305-375-1324
Fax: 375-5634
Email: lak2@miamidade.gov